IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



FRANKIE BAKER,                  §
                                §
            Plaintiff,          §
                                §
VS.                             §   NO. 4:08-CV-153-A
                                §
HARTFORD LIFE AND ACCIDENT      §
INSURANCE COMPANY, ET AL.,      §
                                §
            Defendants.         §

MEMORANDUM OPINION
AND
ORDER

Came on for consideration the motion of defendants, Hartford Life and Accident Insurance Company, and Group Long Term Disability Benefits for Employees of Alcon Laboratories, Inc., to dismiss the claims of plaintiff, Frankie Baker, or in the alternative, motion for more definite statement. Having considered the motions, plaintiff's response, the complaint, and applicable authorities, the court concludes that the motions should be denied.

I.

Plaintiff's Complaint

Plaintiff's complaint arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, et seq. Plaintiff received disability benefits through her employer's long term disability plan for approximately eight years, until July or August of 2004, when the plan administrator terminated her

1

benefits. Plaintiff seeks relief for defendants' alleged violation of ERISA's procedural requirements by failing to advise her of documentation required to perfect her claim and failing to respond to her request for information, for defendants' denial of her disability benefits, and for a declaratory judgment that she is disabled as defined in the plan and thus entitled to benefits.

II.

Grounds of the Motion

Defendants maintain that plaintiff's ERISA claims should be dismissed because they are time-barred, and that her declaratory judgment action should be dismissed as superfluous and time-barred. Alternatively, defendants contend that the complaint violates Rule 10 of the Federal Rules of Civil Procedure and ask that plaintiff be required to replead pursuant to Rule 12(e).

III.

Applicable Legal Standards

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim

2

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in Conley. Bell Atlantic Corp. v. Twombly, 550 U.S. ____, 127 S. Ct. 1955, 1968-69 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 1969).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atlantic, 127 S. Ct. at 1964-65 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, and quotation marks omitted)); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim,

3

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

IV.

Analysis

A. The Limitations Defenses.

Defendants maintain that all of plaintiff's ERISA claims must be dismissed as time barred. The court agrees with plaintiff that defendants are attempting to start the limitations clock as to both ERISA claims based on allegations that do not appear in the pleadings.[1] Such allegations are better suited for summary disposition rather than a motion to dismiss.

Further, defendants contend that a three-year limitations provision set forth in the long term disability insurance policy ("Policy") controls the denial of benefits action, but argue that Texas's two-year limitations period for unfair insurance practices controls plaintiff's claims of failure to advise or to provide requested information. The court can find no justification in the Policy, nor do defendants provide any, for applying two different

---

[1] Plaintiff filed her initial complaint on March 7, 2008, rather than March 15, 2008, as defendants allege. On March 13, 2008, the court struck plaintiff's original complaint, pursuant to Local Rule 3.1, for failure to file a certificate of interested persons. Plaintiff re-filed her complaint on March 17, 2008. Local Rule 3.1 is a rule of form, a violation of which cannot be used to deprive a plaintiff of a substantive right. See Hicks v. Miller Brewing Co., 34 Fed. Appx. 962 (5th Cir. 2002). For limitations purposes, plaintiff's complaint is deemed filed on March 7, 2008.

4

limitations periods to plaintiff's claims. The Policy states only that:

> Legal action cannot be taken against [defendant]:
>
> . . .
>
> (2) 3 years after the time written Proof of Loss is required to be furnished according to the terms of the Policy.

Policy p. 25. The Policy does not define "Proof of Loss" or "legal action," nor does it restrict the limitations period to actions for denial of benefits only. The court concludes that the limitations language in the Policy is ambiguous, if not meaningless.

B.  <u>Plaintiff's declaratory judgment action</u>.

The court is granting Defendants' request that the court dismiss plaintiff's declaratory judgment action because it serves no independent purpose. A district court has "unique and substantial discretion" to decide whether it will hear or dismiss a declaratory judgment claim. <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995). The court will exercise its discretion in favor of dismissing plaintiff's request for declaratory relief. Declaratory relief would serve no purpose in this action.

C.  <u>Adequacy of Plaintiff's Complaint</u>.

The court agrees with defendants that plaintiff's complaint does not comply with the expectations of the Federal Rules of Civil Procedure. One of the considerations in determining if a complaint

is adequate is an evaluation of whether the defendants realistically can be expected to make meaningful admissions or denials of the allegations of the complaint. This undoubtedly is one of the considerations that led to the requirements of Rule 8 of the Federal Rules of Civil Procedure that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach averment of a pleading shall be simple, concise, and direct." Plaintiff's complaint does not satisfy those requirements. Much of the complaint consists of argumentative assertions that are not essential to, or elements of, any claim being made by plaintiff. The complaint is not the document by which a plaintiff is to make arguments in support of her claim. Nor does the complaint comply with the requirements of Rule 10 of the Federal Rules of Civil Procedure that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." The goal of all these provisions of the Rules is the facilitation of a clear presentation, without excess verbiage, of plaintiff's claims. The court is ordering plaintiff to replead.

If defendants wish to seek summary disposition of plaintiff's claims following the repleading, they should do so by a motion for

summary judgment rather than a motion to dismiss for failure to state a claim.

V.

Order

For the reasons stated above,

The court ORDERS that defendants' motion to dismiss as to plaintiff's request for declaratory relief be granted, and that such request be, and is hereby dismissed.

The court further ORDERS that defendants' motion to dismiss be, and is hereby, denied in all other respects.

The court further ORDERS that by June 19, 2008, plaintiff file an amended complaint that satisfies the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

SIGNED June 9, 2008.

JOHN MCBRYDE
United States District Judge